## Apollos Clapp *versus* Joel R. Shephard *et al.*

This Court has jurisdiction of a bill in equity brought to compel the discovery and re-
delivery to the plaintiff of a promissory note taken by the maker and concealed and
withheld so that it could not be replevied, notwithstanding the plaintiff might
have brought trover for the note, or have maintained assumpsit thereon.

It is not essential, that such bill should aver, that the discovery prayed for is material,
and that without such discovery the plaintiff could not prove the facts averred, but
it is sufficient if it appear that the facts as to which a discovery is required, are
material to the relief.

In such a bill it is not sufficient to allege generally, that the plaintiff is the owner
of the note, but he is bound to set forth his title thereto.

This was a bill in equity setting forth, that the plaintiff, on
or about the 15th of May, 1838, was and ever since had been,
the owner of a promissory note for $ 22·70, or thereabouts,
against the defendant, Joel R. Shephard, payable, as the plain-
tiff believed, to John H. Porter, or order, on demand, and
dated within a few months before that time, but the exact tenor
and date of which the plaintiff could not state ; that on or about
that day, Joseph Porter, of Bangor, unlawfully took the note
from the plaintiff, well knowing him to be the owner thereof ;
that the plaintiff afterwards, on or about the 20th of the same
month, notified to Shephard, that he was the owner of the note,
and cautioned him against paying the money due thereon to
any other person ; yet that Porter and Shephard afterwards,
on the same day, combining and confederating together in or
der to injure the plaintiff, took and concealed such note, and
refused, although thereto requested, to deliver the same to the
plaintiff ; and that they had ever since so secreted and with-
held the note from the plaintiff that it could not be replevied.
In consideration whereof, and for that the plaintiff was reme-
diless in a court of law, the bill prayed the Court, that Porter
and Shephard might be compelled to disclose and deliver such
note to the plaintiff, that Shephard might be compelled to pay
him the money due thereon, and that the plaintiff might have
such other and further relief, &c.

The defendants demurred generally, and the demurrer was
joined.

Oct. 31st.    *Leland,* for the plaintiff, cited Revised Stat. *c.* 81, § 8 ;
*Gibbens* v. *Peeler,* 8 Pick. 254 ; *Mills* v. *Gore,* 20 Pick. 28.

*B. Sumner*, for the defendants.   By *St.* 1823, *c.* 140, this    Clapp
Court had absolute jurisdiction over suits to compel the deliv-    *v.*
ery of chattels concealed so that they could not be replevied.    Shephard.
But by the Revised Stat. *c.* 81, § 8, that jurisdiction was lim-
ited and made dependent on the condition, that the plaintiff has
no remedy at law.   In the present case the plaintiff has a per-
fect and convenient remedy at law, by an action of trover or
trespass.   1 Chitty on Pl. 98; *Nicoll* v. *Glennie*, 1 Maule
& Selw. 588 ; *Todd* v. *Crookshanks*, 3 Johns. R. 432 ; *Bis-
sell* v. *Drake*, 19 Johns. R. 66 ; *Murray* v. *Burling*, 10
Johns. R. 172.   Or, if the note is wrongfully in the hands of
the maker, the plaintiff may recover the amount thereof in as-
sumpsit.   *Garlock* v. *Geortner*, 7 Wendell, 198 ; *Page* v.
*Page*, 15 Pick. 368.

But this bill, even if it is cognizable by this Court, is fatally
defective.   A bill of discovery cannot be sustained unless it
allege, that the facts, in regard to which a discovery is asked,
are material to the plaintiff's case, that a discovery is indis-
pensable, and that such facts cannot be proved by other testi-
mony.   These averments are not made in this bill.   1 Story
on Eq. § 74 ; Story on Eq. Pl. § 289, 313, 478 ; *Gelston* v.
*Hoyt*, 1 Johns. Ch. R. 543 ; *Seymour* v. *Seymour*, 4 Johns.
Ch. R. 409 ; *Duvals* v. *Ross*, 2 Munford, 290 ; *Angell* v.
*Angell*, 1 Sim. & Stu. 83 ; *Yancy* v. *Fenwick*, 4 Hen. &
Munf. 423 ; *Appleyard* v. *Seton*, 16 Vesey, 223.

The plaintiff shows no title to the note.   The mere aver-
ment of ownership, in the bill, is not sufficient ; but all the
facts essential to the plaintiff's title should have been set forth.
*Norbury* v. *Meade*, 3 Bligh, 211 ; Story on Eq. Pl. § 257,
318 ; *Walburn* v. *Ingilby*, 1 Mylne & Keen, 61.

Wilde J. delivered the opinion of the Court.   This is a    *Nov. 1st.*
suit in equity brought for the purpose of compelling the defend-
ants to deliver to the plaintiff a certain note of hand which he
alleges to be his property, and which, as the bill charges, had
been taken and concealed by the defendants, so that the same
could not be replevied.   The bill also prays for a discovery as
to the matters and facts charged.   The defendants demur to
the bill, and contend that the Court has no jurisdiction, because
the plaintiff has a plain, adequate and complete remedy at law ;

20

that the bill is defective in form and substance ; and that the matters alleged do not entitle the plaintiff to the discovery and the relief prayed for.

. As to the first objection, we cannot doubt, that the Court has jurisdiction of the subject matter of the bill. By the Revised Stat. *c.* 81, § 8, the Court has jurisdiction to hear in equity, all suits to compel the redelivery of any goods or chattels whatsoever taken and detained from the owner thereof, and secreted or withheld, so that the same cannot be replevied. In the cases of *Gibbens* v. *Peeler*, 8 Pick. 254, and *Mills* v. *Gore*, 20 Pick. 28, it was decided, that notes and other securities for debts, were goods and chattels within the true meaning of the " statute. And it is sufficient for the plaintiff to aver, as he has done, that the note in question has been concealed by the defendant, so that it could not be replevied, to entitle him to relief in equity. It is no objection, that the plaintiff might bring an action of trover for the tortious taking of the note, or that the defendant might be sued on the note in assumpsit ; for the intention of the statute is to provide a remedy in equity, in cases where the party has a right to maintain an action of replevin, and is deprived of the benefit of that remedy by the wrongful act of the defendant. And, besides, the plaintiff is entitled to a discovery, without which it might be difficult to prove the existence or the amount due on the note, or the taking and concealing it by the defendants.

But it is objected by the counsel for the defendants, that the bill is defective and does not show a sufficient title in the plaintiff to require the discovery prayed for ; and that it should be averred in the bill, that the discovery prayed for is material, and that without such discovery the plaintiff cannot prove the facts stated in the bill. The cases cited in support of this objection were on bills of discovery merely, where the discovery required was to be used as evidence in a trial at law, or some other trial. The rules, therefore, there laid down, are not applicable to this bill, which is a bill for final relief, and the discovery is only incidental. To such a bill there can be no demurrer to the discovery only ; for if the discovery be material in support of the relief, and the plaintiff be entitled to relief, the defendant must be compelled to answer. Whether the plain.

tiff has other evidence to prove the facts alleged in the bill without the discovery, is not material. It is sufficient that it appears, that the facts, as to which a discovery is required, are material to the relief. It is by no means clear, that in a bill of discovery only, it is necessary to aver that the party cannot, without the discovery, maintain his suit or defence at law. Story on Eq. Pl. § 319. But this question is not material in the present case.

The other objection to the bill appears to be well founded. The plaintiff is bound to set forth, as correctly as he can, his title to the note. It is not enough to allege generally that he is the owner. *Walburn* v. *Ingilby*, 1 Mylne & Keen, 61. But this defect is merely formal, and the plaintiff may, on motion, have leave to amend.